[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE VERDICT AS TO DAMAGES AND FOR AN ADDITUR
CT Page 1297-cy
The plaintiff instituted the present action seeking to recover monetary damages for personal injuries received as a result of a motor vehicle accident. The plaintiff claims that he sustained permanent injuries including two herniated discs. The case was tried by the defendant asserting that no serious injuries were sustained and, at best, the plaintiff received a muscle strain the effects of which did not last for a long period of time. The defendants' medical expert testified that the plaintiff did not receive disc herniation as a result of the accident but rather received only a muscle strain. The defendants' expert also ascribed a permanent injury to the plaintiff based solely on upon complaints of pain which he testified is required under the applicable standards when there are no physical findings but continuing complaints of pain.
The jury initially returned a verdict in favor of the plaintiff in the amount of $4,000.00 in economic damages and $0.00 in non-economic damages and also found the plaintiff to be 40% negligent in causing the aforesaid damages. The court returned the jury for deliberations in view of the fact that 1) the defendant conceded that there was some minor injury sustained in the accident and therefore the jury should consider whether their award of zero in non-economic damages was appropriate, and 2) the total economic damages claimed amounted to only $3,988.23 not $4,000.00. The jury then returned a verdict in favor of the plaintiff for economic damages in the amount of $3988.23 and non-economic damages in the of $750.00. The jury found the plaintiff 40% at negligent in causing the motor vehicle accident and accordingly awarded damages in the amount of $2,842.94 which the court accepted and ordered recorded.
"Litigants have a constitutional right to have factual issues resolved by the jury. . . . Thus, the role of the trial court on a motion to set aside the jury's verdict is not to sit as a seventh juror, but, rather, the decide whether, viewing the evidence in the light most favorable to the prevailing party the jury could reasonably have reached the verdict that it did." Berry v. Loiseau, 223 Conn. 786, 807-808 (1992). Thus the court must determine whether the verdict "falls somewhere within the necessarily uncertain limits of fair and reasonable compensation."Ginsberg v. Fusaro, 225 Conn. 420, 431 (1993).
The jury could well have found that despite the fact that the defendants' medical expert ascribed a permanent injury to the plaintiff, that the complaints of pain, upon which the permanent disability was based, were unjustified. Accordingly, the court finds that the jury could have reasonably reached the verdict that it did and the Motion to Set Aside the Verdict and for an Additur is hereby denied. CT Page 1297-cz
RUSH, J.